UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                       :

CARL J. CANDELARIA,                                       :

                                          Plaintiff,          :          18-CV-11261 (JMF)

                                        -v-                            :          <u>ORDER ADOPTING</u>
                                                                                :          <u>REPORT AND</u>
ANDREW M. SAUL, *Commissioner of Social Security*,  :          <u>RECOMMENDATION</u>

                                          Defendant.         :

------------------------------------------------------------------------ X

JESSE M. FURMAN, United States District Judge:

       These cross-motions for judgment on the pleadings, made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, were referred to Magistrate Judge Cave for a Report and Recommendation. *See* ECF Nos. 15 & 17. In an Amended Report and Recommendation entered on February 14, 2020, Magistrate Judge Cave recommended that the Court (1) grant Plaintiff's motion only as to the Administrative Law Judge's ("ALJ") failure to develop the record related to Plaintiff's liver condition; (2) deny the Commissioner's motion; (3) vacate the Commissioner's decision denying benefits to Mr. Candelaria; and (4) remand the matter to the agency for further proceedings. *See* ECF No. 21 ("R&R"), at 1-2.[1]

       In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

---

[1] Magistrate Judge Cave initially filed a Report and Recommendation on February 10, 2020, in which she opined that Plaintiff's requests for attorney's fees would be premature even if this Court adopted her recommendation to remand. *See* ECF No. 20. On February 14, 2020, Plaintiff filed an objection to that portion of the Report and Recommendation. *See* ECF No. 22. The same day, Magistrate Judge Cave entered the amended Report and Recommendation, which provided that Plaintiff would be entitled to attorney's fees if this Court adopted her recommendation to remand and, thus, mooted Plaintiff's objection. *See* ECF R&R 42-43. Neither party has objected to the amended Report and Recommendation.

U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Amended Report and Recommendation advised the parties that they had fourteen days from service of the Amended Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* R&R 44. In addition, the Amended Report and Recommendation expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *Id.* Nevertheless, as of the date of this Order, no objections to the Amended Report and Recommendation have been filed and no request for an extension of time to object has been made. Accordingly, the parties have waived the right to object to the Amended Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the motions and the Amended Report and Recommendation, unguided by objections, and finds the Amended Report and Recommendation to be well reasoned and grounded in fact and law. In particular, the Court finds that the ALJ plainly erred in failing to acknowledge relevant evidence regarding Plaintiff's liver condition, and further erred by failing to develop the record regarding Plaintiff's liver condition by

requesting additional records regarding Plaintiff's albumin test results. *See* R&R 31-33. Accordingly, the Report and Recommendation is ADOPTED in its entirety, the Commissioner's motion is denied, Plaintiff's motion is granted as to the ALJ's failure to develop the record related to Plaintiff's liver condition, and the case is hereby remanded to the Social Security Administration for further proceedings consistent with this Order.

The parties are hereby ORDERED to confer in an effort to reach agreement regarding attorney's fees. Absent agreement, Plaintiff shall file an application to Magistrate Judge Cave for fees and other expenses within thirty days of the date of this Order; any opposition shall be filed within two weeks of the application; and any reply shall be filed within one week of the opposition. All submissions regarding fees and costs should be made to Magistrate Judge Cave.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF Nos. 15 & 17 and to close this case.

SO ORDERED.

Dated: March 2, 2020
New York, New York

JESSE M. FURMAN
United States District Judge